## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

|  |  |
|---|---|
| Alma M. Gonzalez, Sherman D. Spradley and Ahmed A. Duale, individually and on behalf of others similarly situated, | Civil File No.: |
| Plaintiffs, | **COLLECTIVE AND CLASS ACTION COMPLAINT (JURY TRIAL DEMANDED)** |
| vs. |  |
| Turkey Valley Farms, L.L.C., |  |
| Defendant. |  |

---

Plaintiffs, Alma M. Gonzalez, Sherman D. Spradley and Ahmed A. Duale, individually and on behalf of others similarly situated, (collectively, "Plaintiffs") by their attorneys, Bassford Remele, A Professional Association, Minneapolis, Minnesota, and Daniel J. Sheran and Thomas R. Sheran, Sheran Law Office, Minneapolis, Minnesota, bring the following action for violations of the Fair Labor Standards Act, the Minnesota Fair Labor Standards Act, and other common law claims. Plaintiffs state the following against Defendant Turkey Valley Farms, L.L.C. (assumed name, Turkey Valley Farms) (herein "Defendant").

### JURISDICTION AND VENUE

1. This action arises under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq.* ("FLSA"). This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein pursuant to 28 U.S.C. § 1331.

The Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiffs' state law claims.

2.      Venue is proper because the unlawful practices described herein have been committed in the District of Minnesota and many of the employment records relevant to these practices are, on information and belief, maintained and administered at Defendant's office in the District of Minnesota.

## PARTIES

3.      Defendant is a Minnesota limited liability company that specializes in the manufacturing and production of all types of ready-to-cook turkey for human consumption.  Defendant's principal executive office and registered office is located in Willmar, Minnesota. It operates a turkey processing facility in Marshall, Minnesota ("Marshall Facility").

4.      Plaintiffs are individuals who are or were employed by Defendant in its Marshall Facility.

## FACTUAL ALLEGATIONS FOR ALL CLAIMS

5.      Plaintiffs and similarly situated individuals are employed or have been employed within the past three years in Defendant's Marshall Facility. Their work involves the preparation, mixing, cooking, and packaging of turkey products.

6.      Plaintiffs and similarly situated individuals are or were required to wear certain gear while performing their jobs.   The required gear prevents particulates from contaminating the food products that Defendant manufactures. The required gear includes, among other things, a smock, boots, gloves, a hat, and a beard/face guard.

7.     Defendant offered to pay Plaintiffs and similarly situated individuals a certain hourly rate of pay for all hours worked.

8.     Plaintiffs and similarly situated individuals accepted Defendant's offer each time they reported, and continued to report, to Defendant's Marshall Facility to perform their job duties.

9.     Plaintiffs and similarly situated individuals are hourly employees who must clock in prior to beginning their work shift and clock out after completing their work shift.

10.    Plaintiffs and similarly situated individuals are paid based on official start and stop times unless they clock in after the official start time or clock out before the official stop time – in which case they are paid based on when they clocked in or when they clocked out and may be subject to other penalties. The official hours that comprise the work shift are unilaterally determined by Defendant and exclude unpaid work activities required to be performed before and after official hours.

11.    Plaintiffs and similarly situated individuals are or were required to perform unpaid work before the start of their work shift and, again, during their 30-minute meal period.  The unpaid work includes but is not limited to, donning required gear before the start of the work shift and, doffing and donning required gear during the 30-minute meal period. Plaintiffs and similarly situated individuals also are or were required to perform unpaid work after their work shift including, but

not limited to, doffing required gear.  Unpaid work also includes such things as waiting in line to clock into and out of a time clock and certain washing and walking activities.

12.     Plaintiffs and similarly situated individuals wear or have worn the same types of gear and engage or have engaged in the same donning and doffing activities on a daily basis.  There was, and continues to be, little variance in the amount of uncompensated  time that Plaintiffs and similarly situated individuals spend  or have spent on such unpaid work activities. The amount of time Plaintiffs and similarly situated individuals spend or have spent on uncompensated work activities amounts to approximately twenty (20) minutes per day per person.

13.     Plaintiffs and similarly situated individuals  have  worked over 48 hours per week, including  time  spent performing  the work  described  in Paragraph  12 above, but have not been compensated at one-and-one-half times their regular hourly rate for such overtime work.

14.     The unpaid work activities and/or underpaid overtime work activities were, and continue to be, regularly and uniformly performed at Defendant's request, on Defendant's premises and for Defendant's sole benefit.

15.     Defendant's records of hours worked by Plaintiffs and similarly situated individuals do not accurately reflect the time their work week begins, or their hours actually worked each day and week.  The task of accurately recording the foregoing information would not impose a significant administrative burden on Defendant.

**COLLECTIVE ACTION ALLEGATIONS FOR FEDERAL FLSA CLAIMS**

16.     Plaintiffs bring their FLSA claim under  20 U.S.C. §216(b) as an "opt-in" collective action on behalf of all current and former hourly line workers employed at Defendant's Marshall Facility during the three-year period before the filing of this Complaint.

17.     Plaintiffs and similarly situated individuals are similarly situated within the meaning of the FLSA, 29 U.S.C. § 216(b).

18.     Plaintiffs and similarly situated individuals have given their consent to become parties to this lawsuit against Defendant as required by 29 U.S.C. § 216(b). (*See* Exhibits A, B, C and D to Plaintiffs' Complaint.)

**CLASS ACTION ALLEGATIONS FOR MINNESOTA STATE CLAIMS**

19.     Plaintiffs file this action on behalf of themselves and on behalf of all individuals similarly situated. The proposed class is defined as follows:  all individuals performing manufacturing, processing, production, inspection and packaging work at Defendant's Marshall Facility during any time within the past three years who are not exempt from the coverage of the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.21 *et seq*. ("Minnesota FLSA").

20.     This action is maintainable as a class action under the Federal Rules of Civil Procedure, Rule 23, because the class is so numerous that joinder of all members is impracticable, there are questions of law or fact common to the class, the claims or defense of the representative parties are typical of the claims or defenses of

the class, and the representative parties will fairly and adequately protect the interest of the class.

21.     This action is also properly maintainable as a class action under Federal Rule of Civil Procedure, Rule 23(b) because questions of law or fact common to members of the class predominate over any questions affecting only individual members, and because the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

22.     The members of the class identified above are so numerous that joinder of all members is impracticable. The exact number of the class is unknown, but may be determined from records maintained by Defendant. Upon information and belief, there are at least 300 employees currently working at Defendant's Marshall Facility who are members of the class.

23.     There are numerous and substantial questions of law and fact common to all members of the Class including, but not limited to, the following:

a.      Whether Defendant violated the Minnesota FLSA, Minn. Stat. § 177.24, by not paying Plaintiffs or the class members for the time they spend/spent, among other things, donning and doffing the required gear at the state minimum wage per hour;

b.      Whether Defendant violated the overtime provision of the Minnesota FLSA, Minn. Stat. § 177.25 by not paying Plaintiffs or the class members for the time they spend/spent, among other things, donning and doffing required gear at one-and-one-half times their regular rate of pay for weeks during which they worked over 48 hours;

c.  Whether Defendant violated the recordkeeping requirements of the Minnesota FLSA, Minn. Stat. § 177.30, by failing to make and keep accurate records of the time Plaintiffs and class members spend/spent, among other things, donning and doffing the required gear and waiting in line to clock into and out of the time clock station;

d.  Whether Defendant violated the Minnesota FLSA, Minn. Stat. § 177.254 and Minnesota Rule 5200.0120 by failing to treat required duties performed during meal periods as hours worked;

e.  Whether Defendant violated the Minnesota Fair Labor Standards Act, Minn. Stat. § 177.254 and Minnesota Rule 5200.0120 which, when read together, (1) require Defendant to give a meal break of sufficient length to eat a meal during each 8-hour shift and (2) allow Defendant to deduct from hours worked only meal breaks that are bona fide, which means that employees are completely relieved from work for at least 30 minutes;

f.  Whether Defendant's actions constitute a breach of contract or result in Defendant's unjust enrichment; and

g.  Whether the Defendant's actions were willful.

24.  Defendant is expected to raise common defenses to this class action, including denial that their actions violated the law.

25.  Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel experienced and competent in the prosecution of complex litigation.

26.  The claims set forth under Counts I through VII of this Complaint are typical of the claims of the Class. Plaintiffs have the same interests and suffer from the same injury as the class members. Upon information and belief, no other member of the class has an interest in individually controlling the prosecution of his/her claims, especially in light of the relatively small value of each claim and the difficulties involved in bringing individual litigation against the Defendant.

However, if any such class member should become known, he or she may "opt out" of this action upon receipt of the class action notice pursuant to the Federal Rules of Civil Procedure, Rule 23(c)(2)(B).

27.    Plaintiffs are unaware of any other litigation concerning this controversy commenced by or for other class members.

28.    Litigation should be concentrated in this forum because the class members are or were employed at Defendant's Marshall Facility which is located within this forum.

29.    The Court has the resources and ability to effectively manage this class action.

## COUNT I
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

30.    Plaintiffs and similarly situated individuals re-allege and incorporate all of the above paragraphs as though fully stated herein.

31.    Plaintiffs and similarly situated individuals are employed or have been employed by Defendant during the past three (3) years in an enterprise engaged in commerce and in the production of goods for commerce as those terms are used in §§ 206 and 207 of the FLSA, 29 U.S.C §§ 206-07.

32.    The FLSA, 29 U.S.C. § 206, requires Defendant to pay its employees a minimum wage for all hours worked.  Section 207 further requires Defendant to pay its employees one-and one-half times their regular rate of compensation for all hours worked over forty hours per work week.

8

33.    Under § 216(b) of the FLSA Defendant is liable to affected employees for Defendant's violations of FLSA §§ 206 and 207 in an amount equal to the employees' unpaid wages, liquidated damages, costs, and attorney's fees.

34.    Defendant has violated the overtime wage requirements of the FLSA by regularly and repeatedly failing to compensate Plaintiffs and similarly situated individuals for their time spent on work activities described in this Complaint.

35.    Defendant knew or showed reckless disregard for the fact that it violated the FLSA by failing to pay Plaintiffs and similarly situated individuals either minimum wages or overtime wages for work activities described in this Complaint.

36.    These violations occurred within the statutory period prescribed by 29 U.S.C. § 255(a).

37.    Plaintiffs and similarly situated individuals suffered damages as a result of Defendant's violations of the FLSA.

## COUNT II
## VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT MINIMUM WAGE REQUIREMENT

38.    Plaintiffs and the class members re-allege and incorporate all of the above paragraphs as though fully stated herein.

39.    Plaintiffs are members of a class that meets the requirements set forth in Federal Rules of Civil Procedure, Rule 23, for certification and maintenance of a class action.

40.     The Minnesota FLSA, Minn. Stat. § 177.24, requires Defendant to pay Plaintiffs and similarly situated individuals the state minimum wage per hour for each hour worked at Defendant's Marshall Facility.

41.     The Minnesota FLSA makes a defendant who violates § 177.24 liable to effected employees in the amount of unpaid wages, costs, attorney fees, and other appropriate relief under the law.

42.     Defendant, Plaintiffs, and class members are "employer" and "employees" for purposes of the Minnesota FLSA.

43.     Defendant has violated the Minnesota FLSA by regularly and repeatedly failing to pay Plaintiffs and class members at least the state minimum wage per hour for the time spent on the unpaid work activities described in this Complaint.

44.     Defendant knew, or showed reckless disregard for, the fact that it violated the Minnesota FLSA by failing to pay Plaintiffs and class members for the unpaid work activities described in this Complaint.

45.     These violations occurred within the statutory period prescribed by Minn. Stat. § 541.07.

## COUNT III
## VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT OVERTIME PAY REQUIREMENT

46.     Plaintiffs and the class members re-allege and incorporate all of the above paragraphs as though fully stated herein.

47.     Plaintiffs are members of a class that meets the requirements set forth in the Federal Rules of Civil Procedure, Rule 23, for certification and maintenance of a class action.

48.     The Minnesota FLSA, Minn. Stat. § l77.25, requires employers to pay overtime for all hours worked in excess of 48 per week. Section 177.27 makes employers who violate § 177.25 liable to the affected employees in the amount of unpaid wages, costs, attorney fees, and other appropriate relief under the law.

49.     Defendant, Plaintiffs, and class members are "employer" and "employees" for purposes of the Minnesota FLSA.

50.     Defendant has violated the Minnesota FLSA by regularly and repeatedly failing to compensate Plaintiffs and class members at an overtime rate for the time spent on the work activities described in this complaint in weeks during which they worked more than 48 hours.

51.     Defendant knew, or showed reckless disregard for, the fact that it violated the Minnesota FLSA by failing to pay Plaintiffs and class members for the unpaid work activities described in this Complaint at one-and-one half times their regular rate of pay in weeks during which they worked more than 48 hours.

52.     These violations occurred within the statutory period prescribed by Minn. Stat. § 541.07.

**COUNT IV**
**VIOLATION OF THE MINNESOTA FAIR LABOR STANDARDS ACT**
**RECORD KEEPING REQUIREMENT**

53.     Plaintiffs and the class members re-allege and incorporate all of the above paragraphs as though fully stated herein.

54.     Plaintiffs are members of a class that meets the requirements set forth in the Federal Rules of Civil Procedure, Rule 23, for certification and maintenance of a class action.

55.     Minn. Stat. § 177.30 requires employers subject to the Minnesota FLSA to make and keep a record of the hours worked each day and each workweek by their employees. Employers who violate this section may be subject to a fine of $1,000.00 per violation and may also be subject to the penalties listed under Minn. Stat. § 177.32, subd. 1.

56.     Defendant has violated Minn. Stat. § 177.30 by failing to make and keep records of all hours worked by Plaintiffs and class members, each day and each work week, including among other things the time they spend/spent donning and doffing the required gear.

57.     Plaintiffs and class members suffer or have suffered damages as a result of Defendant's violations of Minn. Stat. § 177.30.

**COUNT V**
**BREACH OF CONTRACT**

58.     Plaintiffs and the class members re-allege and incorporate all of the above paragraphs as though fully stated herein.

59.     Plaintiffs are members of a class that meets the requirements set forth in the Federal Rules of Civil Procedure, Rule 23, for certification and maintenance of a class action.

60.     Defendant has entered into express or implied employment contracts with Plaintiffs and class members, **pursuant to which Defendant agreed to pay** Plaintiffs and class members a certain hourly rate for all work performed for the benefit of Defendant, and to pay one-and-one-half times the regular **hourly rate** for time worked in excess of 40 hours per workweek.

61.     Defendant breached these contracts when it failed to pay Plaintiffs and similarly situated individuals for **the** time they spend/spent, among other things, donning and doffing the required gear, and when it failed to pay Plaintiffs and similarly situated individuals at one-and-one-half times their regular **hourly** rate for time worked in excess of 40 hours per workweek.

62.     As a result, Plaintiffs and class members have suffered damages as a result of Defendant's breach of contract.

## COUNT VI
## UNJUST ENRICHMENT/QUANTUM MERUIT

63.     Plaintiffs and the class members re-allege and incorporate all of the above paragraphs as though fully stated herein.

64.     Plaintiffs are members of a class that meets the requirements set forth in the Federal Rules of Civil Procedure, Rule 23, for certification and maintenance of a class action.

65.     By their performance of **uncompensated work including** donning and doffing activities, Plaintiffs and similarly situated individuals have conferred a benefit upon Defendant **which Defendant** has knowingly **accepted and retained.**

66.     Defendant is not entitled to this benefit, and retaining it without paying for it would unjustly enrich Defendant at the expense of Plaintiffs and class members.

67.     Plaintiffs and class members are entitled to recover the reasonable value of their uncompensated work and/or any profit derived by Defendant from their uncompensated work.

## COUNT VII
## VIOLATION OF MINNESOTA STATUTE § 177.254 AND MINNESOTA RULE 5200.0120

68.     Plaintiffs and the class members re-allege and incorporate all of the above paragraphs as though fully stated herein.

69.     Plaintiffs are members of a class that meets the requirements set forth in the Federal Rules of Civil Procedure, Rule 23, for certification and maintenance of a class action.

70.     Minn. Stat. § 177.254 requires employers subject to the Minnesota FLSA to provide each employee who works for eight or more consecutive hours sufficient time to eat a meal.

71.     Under the Minnesota Rules, Defendant must pay plaintiffs and similarly situated individuals for meal periods that are not bona fide.  Minn. Rule 5200.0120 provides:  "Thirty minutes or more is ordinarily long enough for a bona fide meal period;" but during that period "[t]he employee must be completely relieved from duty

for the purpose of eating regular meals," and "[i]f the meal period is frequently interrupted by calls to duty, the employee is not relieved of all duties, and the meal periods must be considered as hours worked."

72.     Defendant has violated Minn. Stat. § 177.254 and Minnesota Rule 5200.0120 by failing to provide sufficient duty-free time to eat a regular meal; failing to pay Plaintiffs and class members for work performed during unpaid meal periods; failing to treat unpaid meal periods as work hours when employees are not completely relieved of duties during the unpaid meal period, and/or unlawfully deducting a full 30 minutes for the daily meal period despite Plaintiffs' and class members' performance of work duties during the deducted 30 minutes.

73.     Plaintiffs and class members suffer or have suffered damages as a result of Defendant's violations of Minn. Stat. § 177.254 and Minn. R. 5200.0120.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the class, pray for relief as follows:

1.     Judgment against Defendant for an amount equal to Plaintiffs and similarly situated individuals unpaid wages at the applicable minimum wage or overtime rate;

2.     An amount equal to the unpaid wages as liquidated damages;

3.     An award of prejudgment interest (to the extent liquidated damages are not awarded);

4.      Leave to add additional plaintiffs by the filing of written consent forms, or any other method approved by the Court;

5.      All legal and equitable relief available under the Minnesota FLSA, Minn. Stat. § 177.21 et seq. including penalties under § 177.32;

6.      Compensatory damages for Defendant's breach of contract;

7.      The reasonable value of all uncompensated work performed for Defendant and/or any profit derived by Defendant from such uncompensated work;

8.      Costs and attorney fees to the extent allowed by law; and

9.      Such further relief as the Court deems equitable and just.

|  |  |
|---|---|
| Dated:  October 9, 2014 | **Bassford Remele**<br>*A Professional Association*<br><br><br>By s/Lewis A. Remele, Jr.<br>    Lewis A. Remele, Jr. (#90724)<br>    Janine M. Loetscher (Minnesota #389055)<br>    Aram V. Desteian (Minnesota #396021)<br>33 South Sixth Street, Suite 3800<br>Minneapolis, Minnesota  55402-3707<br>Telephone:   (612) 333-3000<br>Facsimile:    (612) 333-8829<br>lremele@bassford.com<br>jloetscher@bassford.com<br>adesteian@bassford.com |

|  | s/Daniel J. Sheran<br>    Daniel J. Sheran (# 0100183)<br><br>s/ Thomas R. Sheran<br>    Thomas R. Sheran (#0100213)<br><br>**SHERAN LAW OFFICE**<br>222 South Ninth Street, Suite 1600<br>Minneapolis, MN 55402<br>Telephone: 612-337-9001<br>Facsimile: 612-338-0359<br>danielsheran@sheranlaw.com<br>thomassheran@sheranlaw.com |
|  | **ATTORNEYS FOR PLAINTIFFS** |

1380435.docx