UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| ALMA M. GONZALEZ, SHERMAN D. SPRADLEY and AHMED A. DUALE, individually and on behalf of others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> TURKEY VALLEY FARMS, LLC, and LIFE-SCIENCE INNOVATIONS, LLC, <br><br> Defendants. | Case No. 0:14-cv-04192-PJS-HB <br><br> [Proposed] **ORDER** |

## [PROPOSED] ORDER OF FINAL APPROVAL OF CLASS SETTLEMENT, DISMISSAL WITH PREJUDICE, AND ENTRY OF JUDGMENT

This matter comes before the Court on the parties' Joint Motion for Final Approval of Class Settlement, Dismissal With Prejudice, and Entry Of Judgment. The Court previously granted Preliminary Approval of the Settlement, and certified a Settlement Class, by Order of September 25, 2015, Doc. 51. After reviewing the parties' proposed settlement and holding a fairness hearing on February 9, 2016, at which all individuals who would be bound by the settlement were given an opportunity to object to the terms of the parties' proposed settlement, the Court GRANTS the parties' Motion.

IT IS HEREBY FOUND, ORDERED, ADJUDGED AND DECREED THAT:

1. The Court hereby finally approves the settlement set forth in the parties' Settlement Agreement as being fair, just, reasonable, and adequate, and in the best interests of Plaintiff and the Class Members.

2. The Court finds that the form, content, and procedures of the Notice that was distributed to the Class Members constituted the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice to all persons in the Class, complying fully with the requirement of the Constitution of the United States, Rule 23 of the Federal Rules of Civil Procedure, 29 U.S.C. § 216(b), and any other applicable laws. At the February 9, 2016 fairness hearing, the Court carefully and thoroughly reviewed the notice process and inquired into the efforts made to provide notice to the Class Members. The representations by the parties at the hearing and those contained in the declaration submitted by the claims administrator demonstrate that the claims administrator went to great lengths to locate and provide notice to all potential Class Members, and to facilitate the submission of claims by them. After carefully and thoroughly reviewing the notice process, the Court is satisfied that every good faith effort was made to locate and provide notice to all potential Class Members, and finds that the notice process successfully satisfied the notice requirements of Fed. R. Civ. P. 23(e).

3. As stated more fully in the Settlement Agreement, Defendant agreed to pay up to $590,000.00 (the Gross Settlement Amount), inclusive of (a) attorneys' fees, costs and expenses of Class Counsel; (b) Enhancement Awards to Named Plaintiffs and Class Representatives Alma M. Gonzalez, Sherman D. Spradley And Ahmed A. Duale; and (c) the fees and expenses of claims administration. The Settlement Agreement provides that

the attorneys' fees, costs, expenses, Enhancement Awards, and fees and expenses of claims administration are to be deducted from said maximum of $590,000.00, and that the remaining balance is to be available to be claimed by Class Members through the claims process set forth in the Settlement Agreement and approved in the Court's Order of Preliminary Approval. As shown below, the Court has approved (a) an award of attorneys' fees, costs and expenses to Class Counsel in the combined total amount of $_____; (b) Enhancement Awards to Named Plaintiffs and Class Representatives Alma M. Gonzalez, Sherman D. Spradley And Ahmed A. Duale in the amount of $_____ each; and (c) the fees and expenses of claims administration in the amount of $_____.  The remaining balance is the Net Settlement Amount.

4. There are 93 Class Members who submitted timely and proper Consent to Join Lawsuit and Claim Forms ("Claim Forms"). A small number of Class Members submitted late claim forms shortly after the deadline, and the parties have agreed to deem those claims timely. The Court adopts and approves the list that has been filed by the parties identifying the 93 Class Members who submitted timely and proper claims. Each of those 93 Class Members has consented to be a party plaintiff in this case pursuant to 29 U.S.C. § 216(b).

5. No potential Class Members submitted any Request for Exclusion from the Class. No potential Class Members submitted any objection to the settlement.

6. Pursuant to the Settlement Agreement, the parties shall calculate the pro rata portion of the Net Settlement Amount (after deducting the amounts awarded above), and shall distribute to each of the 93 Class Members his or her pro rata share of said Net

3

Settlement Amount.  As provided in the Settlement Agreement, one-half of the settlement funds paid to each Class Member shall be allocated to wage claims and one-half of the settlement funds paid to each Class Member shall be allocated to non-wage claims.  The wage portion shall be subject to deductions as required by law.  All employer-paid and due taxes on the wage portions of the settlement shall be paid by Defendant and shall not be paid out of or deducted from the Net Settlement Amount in the calculation of pro rata shares.

      7.    All Class Members are conclusively deemed to have released all settled claims as described in the Settlement Agreement.  All Class Members are hereby forever barred and permanently enjoined from commencing, prosecuting or continuing to prosecute, either directly or indirectly, in this or any other jurisdiction or forum, any of the claims that are released by this settlement or barred by the entry of the judgment in this action.

      8.    The Court approves Class Counsel's request for attorneys' fees, costs and expenses as follows:

    a. To Sheran Law Office P.A., $_____ in attorney fees and $_____ in costs and expenses, which shall be paid as provided in the Settlement Agreement;

    b. To Bassford Remele, a Professional Association, $_____ in attorney fees and $_____ in costs and expenses, which shall be paid as provided in the Settlement Agreement;

4

9. The Court approves Class Counsel's request for Named Plaintiffs and Class Representatives Alma M. Gonzalez, Sherman D. Spradley And Ahmed A. Duale in the amount of $_____ each, which shall be paid as provided in the Settlement Agreement.

10. The Court approves the payment to Rust Consulting, Inc. for claims administration, of $_____.

11. The payment and delivery of all settlement payments, attorney's fees, costs, and incentive payment to the Named Plaintiff shall be made as provided for and required by the Settlement Agreement. These payments will be distributed within 75 days of the later of: (1) the date when the time for appeal of this Order has expired; or (2) the date of the final resolution of any appeal or other judicial review of this Order if an appeal has been filed and not dismissed.

12. As provided in the Settlement Agreement, the unclaimed portion of the Net Settlement Amount allocable to the pro rata shares for Class Members who did not properly and timely execute and submit Claim Forms, or who fail to complete the claims process by signing the release language on the back of the settlement check, remain the sole property of Defendant. The Named Plaintiffs, Class Counsel, and the Class Members shall have no right to or interest in any unclaimed portion of the Net Settlement Amount.

13. The Clerk shall enter final judgment dismissing this action on the merits with prejudice and without costs or attorney fees to any party, other than as provided in the Settlement Agreement. The claims that are thereby dismissed shall include all claims encompassed by the releases set out in the Settlement Agreement.

14. The dismissal of this case is without prejudice to the rights of the parties to enforce the terms of the Settlement Agreement. Without affecting the finality of this Order, or the judgment to be entered pursuant hereto, in any way, the Court retains jurisdiction over this matter solely for purposes of resolving any disputes which may arise under the Settlement Agreement.

LET JUDGMENT BE ENTERED ACCORDINGLY

    HON. HILDY BOWBEER
    UNITED STATES MAGISTRATE JUDGE