## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| ALMA M. GONZALEZ, SHERMAN D. SPRADLEY, and AHMED A. DUALE, individually and on behalf of others similarly situated, | Civil. No. 14-4192 (HB) |
| Plaintiffs, | **FINAL ORDER APPROVING CLASS ACTION SETTLEMENT** |
| v. | |
| TURKEY VALLEY FARMS, L.L.C., and LIFE-SCIENCE INNOVATIONS, L.L.C., | |
| Defendants. | |

HILDY BOWBEER, United States Magistrate Judge

This matter came on for hearing before the undersigned United States Magistrate Judge on February 9, 2016, on Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Named Plaintiffs' Enhancement Awards [Doc. No. 52] and the parties' Joint Motion for Final Approval of Settlement, Dismissal with Prejudice, and Entry of Judgment [Doc. No. 58].[1]  Plaintiffs Alma M. Gonzalez, Sherman D. Spradley, and Ahmed A. Duale ("Plaintiffs") were represented by Aram V. Desteian, Daniel J. Sheran, Janine M. Loetscher, Thomas R. Sheran, Casey D. Marshall, and Lewis A. Remele, Jr. Defendants Turkey Valley Farms, L.L.C. and Life-Science Innovations, L.L.C.

---

[1] The parties consented to the exercise of jurisdiction by the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1) [Doc. No. 45].

("Defendants") were represented by D. Christopher Lauderdale, L. Dale Owens, T. Chase Samples, and David J. Duddleston.

The parties entered into a Settlement Agreement on September 9, 2015 (the "Settlement") [Doc. No. 49].  On September 25, 2015, this Court entered an Order Certifying FLSA and Rule 23 Classes for Settlement Purposes Only, Preliminarily Approving Class Action Settlement, and Approving Proposed Notice of Settlement ("Preliminary Approval Order"), which: (1) preliminarily approved the Settlement; (2) for purposes of the Settlement and pursuant to Federal Rule of Civil Procedure 23 and FLSA, certified Plaintiffs' class to form the Settlement Class; (3) approved the form and method of notice of the Settlement to members of the Settlement Class; and (4) set a hearing date for final settlement approval.  (*See generally* Order [Doc. No. 51].)  The Court certified the Settlement Class as:

> Named Plaintiffs and all current and former hourly non-exempt employees of Defendant Turkey Valley Farms' Marshall, Minnesota facility who performed donning and doffing activities on those premises, including hourly paid supervisors, during the period from October 9, 2011 (three years before the filing of the Complaint), up to and including the date of this Order.  The Settlement Class also includes hourly line workers whose time was recorded and reported using Turkey Valley Farms' timekeeping system and who were working at the Marshall facility as temporary workers employed by a staffing company during that period.

(*Id.* at 2.)

Notice of the Settlement was provided by direct mailing to the Settlement Class, and the parties have complied with all deadlines to date as established in the Preliminary Approval Order.  No class member objected to or asked to be excluded from the

Settlement Class by filing a timely objection or statement of exclusion. No class member appeared at the final approval hearing to object to the settlement or otherwise be heard.

Having heard the oral arguments of the parties and reviewed all materials submitted, and based on all of the files, records, and proceedings herein, the Court **FINDS** and **CONCLUDES** that:

1.     This Court has personal jurisdiction over Plaintiffs, Defendants, and the Class Members, and subject matter jurisdiction over the action and the Settlement.

2.     The provisions of the Preliminary Approval Order concerning class certification are confirmed in all respects as a final class certification order under Federal Rule of Civil Procedure 23(e) and FLSA for the purpose of implementing the terms provided for in the Settlement.

3.     A claims administrator filed the requisite declaration of compliance certifying that notice was mailed to the settlement class as required by the Preliminary Approval Order [Doc. No. 61].

4.     The form, content, and procedures of the Notice that was distributed to the Class Members constituted the best notice practicable under the circumstances, and constituted valid, due, and sufficient notice to all persons in the Class, complying fully with the requirement of the Constitution of the United States, Rule 23 of the Federal Rules of Civil Procedure, 29 U.S.C. § 216(b), and any other applicable laws. The documents filed in advance of the February 9, 2016 fairness hearing, and the representations of counsel during the hearing, described the notice process and the efforts made to provide notice to the Class Members. The representations by the parties at the

hearing and those contained in the declaration submitted by the claims administrator demonstrate that the claims administrator and Plaintiffs' counsel went to great lengths to locate and provide notice to all potential Class Members, and to facilitate the submission of claims by them.  After carefully and thoroughly reviewing the notice process, the Court is satisfied that every good faith effort was made to locate and provide notice to all potential Class Members, and finds that the notice process successfully satisfied the notice requirements of Fed. R. Civ. P. 23(e).

5.      Defendants have taken additional steps since the commencement of this lawsuit to ensure that employees in all departments are being properly compensated for donning and doffing activities, including increasing the number of added minutes of paid time each day for some employees.

6.      The Settlement is fair, reasonable, adequate, and in the best interests of the Settlement Class.

7.      Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Class Members in connection with the Settlement.

8.      Class Counsel is entitled to an award of costs and reasonable attorneys' fees.  Although the request for fees is unopposed by Defendants, the Court has carefully considered the reasonableness of the requested fees, in light of Plaintiff's overall success; the necessity, usefulness, and efficiency of Class Counsel; the Court's own experience; and the prevailing market rate.  Based on these factors, the Court finds the number of hours expended by Class Counsel, and their respective hourly rates, to be reasonable, particularly in view of the fact that the fees requested do not cover all of the time spent by

Plaintiffs' counsel.  The Court has also reviewed the costs and disbursements submitted

by Class Counsel, including but not limited to the fees and expenses of claims

administration as reflected in the affidavit and invoice of the claims administrator, and

finds them to be reasonable.

9.      As stated more fully in the Settlement Agreement, Defendants agreed to

pay up to $590,000.00 (the Gross Settlement Amount), inclusive of (a) attorneys' fees,

costs and expenses of Class Counsel; (b) Enhancement Awards to Named Plaintiffs and

Class Representatives Alma M. Gonzalez, Sherman D. Spradley, and Ahmed A. Duale;

and (c) the fees and expenses of claims administration.  The Settlement Agreement

provides that the attorneys' fees, costs, expenses, Enhancement Awards, and fees and

expenses of claims administration are to be deducted from said maximum of

$590,000.00, and that the remaining balance is to be available to be claimed by Class

Members through the claims process set forth in the Settlement Agreement and approved

in the Court's Order of Preliminary Approval.  As more fully set forth below, the Court

has approved (a) an award of attorneys' fees to Class Counsel in the amount of

$200,000.00 costs and costs/expenses of $22,814.20; (b) Enhancement Awards to Named

Plaintiffs and Class Representatives Alma M. Gonzalez, Sherman D. Spradley and

Ahmed A. Duale in the amount of $1,000.00 each; and (c) the fees and expenses of

claims administration in the amount of $36,013.99.  The remaining balance is the Net

Settlement Amount.

10.     There are ninety-three (93) Class Members who submitted timely and

proper Consent to Join Lawsuit and Claim Forms ("Claim Forms").  A small number of

Class Members submitted late claim forms shortly after the deadline, and the parties have agreed to deem those claims timely, bringing the total number of Class Members to one hundred (100). The Court adopts and approves the list that has been filed by the parties identifying the one hundred Class Members. One class member, Natalia Rivera, also submitted a Consent/Claim form on behalf of Adam Rivera, her brother, and represented to Plaintiffs' counsel that she had Adam Rivera's permission to do so. Neither party has Adam Rivera's current mailing address. The parties have requested, and the Court approves, Natalia Rivera as an authorized agent for Adam Rivera for purposes of submitting the Consent/Claim form, and the Court includes both of them as Class Members. Each of these one hundred Class Members has consented to be a party plaintiff in this case pursuant to 29 U.S.C. § 216(b).

11.     No Class Member objected to or asked to be excluded from the Settlement, and the time for such objection or request for exclusion has now passed.

12.     Plaintiffs and all Class Members are hereby bound by the terms of the Settlement.

Accordingly, **IT IS HEREBY ORDERED** that:

13.     The provisions of the Settlement, including definitions of the terms used therein, are hereby incorporated by reference.

14.     Because the Settlement set forth in the parties' Settlement Agreement is fair, just, reasonable, and adequate, and in the best interests of Plaintiffs and the Class Members, it shall be consummated in accordance with its terms and provisions.

15.     Pursuant to the Settlement Agreement, the parties shall calculate the pro rata portion of the Net Settlement Amount for each of the one hundred Class Members, and shall distribute to each Class Member his or her pro rata share of said Net Settlement Amount.  As provided in the Settlement Agreement, one-half of the settlement funds paid to each Class Member shall be allocated to wage claims and one-half of the settlement funds paid to each Class Member shall be allocated to non-wage claims.  The wage portion shall be subject to deductions as required by law.  All employer-paid and due taxes on the wage portions of the settlement shall be paid by Defendants and shall not be paid out of or deducted from the Net Settlement Amount in the calculation of pro rata shares.  As neither party has Adam Rivera's current address, his settlement check shall be sent to Sheran Law Office P.A. and held there until he contacts Class Counsel with his address.

16.     All Class Members are conclusively deemed to have released all settled claims as described in the Settlement Agreement.  All Class Members are hereby forever barred and permanently enjoined from commencing, prosecuting or continuing to prosecute, either directly or indirectly, in this or any other jurisdiction or forum, any of the claims that are released by this settlement or barred by the entry of the judgment in this action.

17.     The Court approves Class Counsel's request for attorneys' fees, costs and expenses as follows:

(a)     To Sheran Law Office P.A., $118,172.50 in attorney fees and $1,971.93 in costs and expenses, which shall be paid as provided in the Settlement Agreement;

      (b)      To Bassford Remele, a Professional Association, $81,827.50 in attorney fees and $20,842.27 in costs and expenses, which shall be paid as provided in the Settlement Agreement;

18.     The Court approves Class Counsel's request for Enhancement Awards to Named Plaintiffs and Class Representatives Alma M. Gonzalez, Sherman D. Spradley, and Ahmed A. Duale, in the amount of $1,000.00 each, which shall be paid as provided in the Settlement Agreement.

19.     The Court approves the payment to Rust Consulting, Inc. for claims administration, of $36,013.99.

20.     The payment and delivery of all settlement payments, attorneys' fees, costs, and Enhancement Awards to the Named Plaintiffs shall be made as provided for and required by the Settlement Agreement.  These payments will be distributed within 75 days of the later of: (1) the date when the time for appeal of this Order has expired; or (2) the date of the final resolution of any appeal or other judicial review of this Order if an appeal has been filed and not dismissed.

21.     As provided in the Settlement Agreement, the unclaimed portion of the Net Settlement Amount allocable to the pro rata shares for Class Members who did not properly and timely execute and submit Claim Forms, or who fail to complete the claims process by signing the release language on the back of the settlement check, remain the sole property of Defendants.  The Named Plaintiffs, Class Counsel, and the Class Members shall have no right to or interest in any unclaimed portion of the Net Settlement Amount.

22.     The Clerk shall enter final judgment dismissing this action on the merits with prejudice and without costs or attorneys' fees to any party, other than as provided in the Settlement Agreement.  The claims that are thereby dismissed shall include all claims encompassed by the releases set out in the Settlement Agreement.

23.     Neither the Settlement nor this final judgment nor the fact of the Settlement is an admission or concession by the Defendants of any liability or wrongdoing.  This final judgment is not a finding of the validity or invalidity of any of the claims asserted or defenses raised in the Action.

24.     The dismissal of this case is without prejudice to the rights of the parties to enforce the terms of the Settlement Agreement.  Without affecting the finality of this Order, or the judgment to be entered pursuant hereto, in any way, the Court retains jurisdiction over this matter solely for purposes of resolving any disputes which may arise under the Settlement Agreement.

25.     Plaintiffs' Unopposed Motion for Attorneys' Fees, Costs, and Named Plaintiffs' Enhancement Awards [Doc. No. 52] is **GRANTED** as set forth herein.

26.     The parties' Joint Motion for Final Approval of Settlement, Dismissal with Prejudice, and Entry of Judgment [Doc. No. 58] is **GRANTED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

**BY THE COURT:**

Dated: February 10, 2016          *s/Hildy Bowbeer*
                                  HILDY BOWBEER
                                  United States Magistrate Judge

9